# Ansel Humphreys *vs.* J. Bridgman, & Co.

## *Error to Muscatine.*

The defendant under the general issue and notice of payment, in an action of assumpsit for goods, &c., is not bound to furnish the plaintiff with a bill of particulars.

This was an action of assumpsit for goods sold and delivered by Bridgman & Co., to Humphreys. Plea, general issue, and notice of payment.

Verdict and judgment for $62,41 at the June term, 1842.

Motion for a new trial, for reason that the verdict was contrary to the evidence and for misdirection of the court in matters of law, over-ruled.

From the bill of exceptions taken in this cause, it appears that on the trial the defendant offered evidence tending to prove payment subsequent to the date of the last item in the plaintiff's account. This evidence the court ruled could not be given to the jury under defendant's plea.

This is the only ground of error assigned by Humphreys, plaintiff in error

W. G. WOODWARD, for plaintiff in error:

The evidence offered by defendant below should have been admitted under the plea or the notice, *either* of them. The notice is a general one of payment of the demand sued, and any evidence tending to show it should have been admitted. But if there be any objection to the notice, still payment may be given under the general issue. 3 John. Dig. 459, S. 111, 113—Citing 7 Wend. 194—10 W. 202—do. do. 471, S. 343—Citing 4—Cow. 173—13 Petersdorff Ab. 249—N. Ld. Lay. 787—7 Com. L. R. 368—N, Citing 2 Camp. 558—Wright's Rep. 219, 735—1 Chit. Pl. 513, late edition.

Such was the standing English doctrine until the adoption of the new rules under George IV.

R. P. LOWE, for defendant:

The counsel for plaintiff in error has quoted a number of authorities to prove that in an action of assumpsit, payment may be given in evidence under the general issue. This doctrine was not and is not denied. The opinion of the court below was founded upon the peculiar

character of the 10th sec. 372 of our Practice Act. The defendant below plead the general issue and under it gave special notice of payment, &c. Was not the plaintiff below entitled to a bill of particulars, stating the mode of payment, the time when, the amount, and whether it was for the bill of goods, the price of what was sued for? It seems if the section alluded to, means any thing, it makes this requsition, where the demand or payment of the defendant is narrowed down to a point, by a special notice under the general issue, it is not only right but incumbent on him to furnish his opponent with a bill of particulars; that he may be advised in due time before trial, of the nature of the payment. The payment might have been for other goods purchased at the same store; or it might have been for some other consideration. Now the defendant himself, has placed the pleadings in a condition that makes it necessary for him to file a bill of particulars. He must take the consequences of his own act. If the court will undertake to draw the line between the cases where they will, and where they will not, require bills of particulars, much difficulty must arise. The statute says in all cases it must be done.

WOODWARD, in reply:

The plea or notice of payment is a bill of particulars *per se*. It is payment of the demand sued and cannot be of any other. Defendants below did not set up any demands against the other party, but a payment of plaintiffs demands, and certainly no bill of particulars is necessary for any matter which may be given under the general issue.

PER CURIAM, MASON, CHIEF JUSTICE.—The defendants in error admit the doctrine, that in the action of assumpsit, payment may be given in evidence under the plea of the general issue. (Upon this point see the numerous authorities cited by the counsel for the plaintiff in error, and also 1 Chitty Pl. 419—4 Taunt. 165—Saund. on P. & E. vol. 2, p. 272.) But they contend that the 10th sec. of the Practice Act, Iowa Laws, vol. 1, page 372, required the plaintiffs in error to file a bill of items, stating the mode of payment, the time when, the amount, &c., in order to authorize the admission of testimony tending to prove a payment. This section is as follows:

"The several District Courts shall have power in any action pending before them, upon motion, and good and sufficient cause shown and reasonable notice thereof given, to require the parties or either of them to produce books or writing, in their possession or power, which contain evidence pertinent to the issue, and it shall be the duty of the defendent or

defendants in all cases when, he, she or they intend to prove on trial any account or demand against the plaintiff, or plaintiffs, to file with his plea, a bill of the particular items of such accounts or demands, and no other accounts or demands shall be suffered to be proved to the jury or court, on that trial. "

We find nothing in this section which would entitle the plaintiff in error to a bill of items, where the defendants in the District Court intend to prove on trial any "accounts or demands against the plaintiff. " A payment to a merchant upon his bill, by a debtor, is neither an account nor demand; it is not a set-off, and it is only to such accounts or demands as are intended to be relied upon as a set-off, that the statute refers; and the common law doctrine admitting evidence of payment under the general issue, in assumpsit, is not varied by it.

We think that the court erred in rejecting the testimony. The judgment of the court below is reversed, and remanded for further proceedings.